FILED
2014 JUN -6 PM 12:02
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 243 NORTH MERIDIAN, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>RENE VALENCIA, et al.,<br><br>Defendants. | Case No. ED CV 14-1078-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily because defendant removed it improperly.

On May 29, 2014, defendant Rene Valencia, having been sued in what appears to be a routine unlawful detainer action in California Superior Court, lodged a Notice of Removal of that action to this Court, and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

The Court notes that this is not the first time defendant Rene Valencia or co-defendant Mayra Diaz has sought to remove the underlying action to this Court.

1 | Defendants previously tried to remove the action to this Court in case number ED
2 | CV 14-923, only to have the case remanded to state court as improperly-removed.
3 | The result will be no different this time.
4 |     Simply stated, plaintiff could not have brought this action in federal court in
5 | the first place, in that defendant does not competently allege facts supplying either
6 | diversity or federal question jurisdiction, and therefore removal is improper. 28
7 | U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546,
8 | 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Here, defendant has asserted both
9 | federal question jurisdiction and diversity jurisdiction as her bases for removal.
10 | But the unlawful detainer action to be removed does not actually raise any federal
11 | legal question. *See* 28 U.S.C. §§ 1331, 1441; *Merrell Dow Pharmaceuticals Inc.*
12 | *v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986) ("the
13 | question for removal jurisdiction must . . . be determined by reference to the 'well-
14 | pleaded complaint'"). Further, even if complete diversity of citizenship exists, the
15 | amount in controversy does not exceed the diversity jurisdiction threshold of
16 | $75,000. *See* 28 U.S.C. §§ 1332, 1441. Contrary to defendant's contention in the
17 | Notice of Removal, the unlawful detainer complaint asserts that the amount in
18 | controversy does not exceed $10,000.
19 | //
20 | //

1  Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the
2  Superior Court of California, San Bernardino County, Fontana District, 17780
3  Arrow Boulevard, Fontana, CA 92335, for lack of subject matter jurisdiction
4  pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this
5  Order to the state court; and (3) that the Clerk serve copies of this Order on the
6  parties.

DATED: 6/3/14

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

Sheri Pym
United States Magistrate Judge